**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01536-WYD-NYW

VIRGINIA VIALL,

     Plaintiff,

v.

STELLAR RECOVERY, INC.,

     Defendant.

---

## ORDER ON PENDING MOTIONS

---

Magistrate Judge Nina Y. Wang

     This civil action is before the court on Defendant Stellar Recovery, Inc.'s Motion for Protective Order.  [#22, filed December 17, 2014].  Also before the court is Plaintiff Virginia Viall's Motion to Extend the Discovery Cutoff Date and the Dispositive Motion Deadline ("Motion to Extend") [#26, filed January 9, 2015] and Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests Pursuant to Fed. R. Civ. P. 33, 34, and 37 ("Motion to Compel") [#27, filed January 9, 2015].  Pursuant to the Order Referring Case dated September 8, 2014 [#11] and the memoranda dated December 17, 2014 [#22] and January 12, 2015 [#28], respectively, these Motions were referred to this Magistrate Judge.

     This court has carefully considered the Motions and related briefing, the entire case file, as well as applicable case law. Having determined that a hearing would not materially assist the court in resolving these three pending motions, the court VACATES the hearing currently set for

April 9, 2015.  For the following reasons, the Motion for Protective Order is GRANTED, the

Motion to Extend is GRANTED IN PART, and the Motion to Compel is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Virginia Viall ("Plaintiff" or "Ms. Viall") commenced this litigation on May 30,

2014 with the filing of her Complaint, which asserts one claim for the violation of the Fair Debt

Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692e preface, e(2)(A), e(8), and e(10).  She

alleges that during a telephone conversation with an employee of Defendant Stellar Recovery,

Inc. ("Defendant" or "Stellar") in May 2013, she informed the employee that she disputed her

Comcast account that had been tendered to Stellar for collection (the "account").  [#1 at ¶¶ 18,

22, 32].  Plaintiff further contends that Defendant's employee reported a balance due on the

account to the credit reporting agencies without advising of the dispute. [#1 at ¶¶ 38, 39].

Plaintiff seeks statutory damages along with "her costs and reasonable attorney's fees;" she does

not seek actual damages.  [#17, § 5].

Stellar filed its Answer and Affirmative Defenses to the Complaint on June 24, 2014.

[#6].  Defendant admitted that its employee spoke with Ms. Viall on the telephone regarding the

account [#6 at ¶ 30], it communicated information regarding the account to the credit reporting

agencies [#6 at ¶ 38], and it has retained a copy of "some of the audio recording(s) of its

telephone conversation(s) with the Plaintiff regarding the account."  [#6 at ¶ 47].  However,

Stellar denies that: (1) Ms. Viall notified Stellar's employee that she disputed the Comcast

account [*id.* at ¶ 32], (2) it had knowledge the account was disputed [*id.* at ¶ 37], and (3) it was

aware of the dispute but failed to communicate that fact to the credit bureaus.  [*id.* at ¶ 39].

Stellar asserted as an affirmative defense that "even if the alleged conduct were to be attributed

to Defendants [sic] and were to be construed as a violation of the FDCPA, it was the result of a bona fide error that occurred despite Defendants' policies and procedures [sic] to prevent such violations." [*Id.* at 7]. Defendant later withdrew the affirmative defense of bona fide error. [#22-3] Thus, the factual disputes in this case implicate what Ms. Viall said to Stellar's employee during their telephone conversation(s) in May 2013, and whether the substance of their communication required Stellar to notify the credit reporting agencies that Plaintiff was disputing the account.

On September 19, 2014, Magistrate Judge Boland held a Scheduling Conference at which he ordered the Parties to complete discovery by January 9, 2015, file dispositive motions by February 6, 2015, and participate in a Final Pretrial Conference on April 14, 2015. [#16, #17].

On December 17, 2014, Defendant filed the pending Motion for Protective Order to limit the scope of the topics set forth by Plaintiff in the Rule (30)(b)(6) Notice of Deposition of Viall's corporate representative. [#22]. Plaintiff filed a Response to the Motion for Protective Order on January 7, 2015. [#25]. Defendant filed its Reply in support of the Motion for Protective Order on January 21, 2015 [#30]. During the briefing of the Motion for Protective Order, Plaintiff served a subpoena on Comcast Holdings Corporation f/k/a Comcast Corporation to produce certain documents on January 5, 2015 (the "Comcast Subpoena"). [#26-1].

On January 9, 2015, Plaintiff filed the instant Motion to Extend [#26] and Motion to Compel [#27]. Defendant filed its Response to the Motion to Compel [#31] on February 2, 2015, and filed its Response to the Motion to Extend [#33] on February 4, 2015. These three pending motions are now ripe for disposition and set for the hearing on April 9, 2015. [#39].

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Relevancy is broadly construed, and a request for discovery should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.  *See, e.g., Sheldon v. Vermonty,* 204 F.R.D. 679, 689-90 (D. Kan. 2001).  "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  *Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted).

This second prong reflects the principle of proportionality that is inherent in the Federal Rules, and governs all discovery.  *See* Fed. R. Civ. P. 26(b)(1) and (b)(2)(C)(i)-(iii).  It is incumbent upon the court to consider how much discovery is reasonable in a given case in light of the claims and defenses asserted, the significance of the discovery sought to the propounding party, and the costs and burden to the producing party.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).  The Federal Rules of Civil Procedure also permit a court to restrict or preclude discovery when justice requires in order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  *See* Fed. R. Civ. P. 26(c).  Whether to issue a protective order rests within the discretion of the court.  *See Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).

A.      **Motion for Protective Order**

On November 11, 2014, counsel for Plaintiff, Mr. Larson, provided counsel for Defendant, Mr. Lico, with a draft of the Notice of the Rule 30(b)(6) Deposition.  Mr. Larson revised the notice after Mr. Lico expressed his position that several topics appeared vague and irrelevant.  After receiving the final Notice of Deposition, Mr. Lico conferred with his client who decided to withdraw the affirmative defense of bona fide error ("BFE").  [#22 at 2].  Mr. Lico communicated this decision to Mr. Larson on December 8, 2014, along with a list of topics he believed were irrelevant following the withdrawal of the BFE defense.  *Id.*  Mr. Larson emailed a new version of the Notice of the Rule 30(b)(6) Deposition (the "Notice") on December 8, 2014, which spans nine pages and lists 64 topics.  [#22-4].  Mr. Lico objected to the Notice as containing many of the topics he had already objected to as irrelevant.[1]

Defendant now asks the court to exclude Topic Nos. 19, 20, 25, 29, 31-33, and 43-45[2] from the Notice of the Rule 30(b)(6) Deposition as irrelevant and as questions for a jury in determining damages. Topic No. 19 asks for information regarding the known criminal history of the Stellar employee who presumably spoke with Ms. Viall, including her arrest and conviction record; Topic No. 25 asks for information regarding that employee's personnel files.  Topic Nos. 20, 29, and 31-33 ask for information regarding the compensation to Defendant by Comcast, Defendant's policies and procedures regarding training its employees, and complaints filed with

---

[1] Plaintiff argues that Defendant's Motion should be denied for counsel's failure to meet and confer prior to filing it.  While counsel may not have specified that Defendant would file this particular Motion, the exhibits attached thereto suffice to demonstrate that efforts were made consistent with D.C.COLO.LCivR 7.1(a) to resolve the dispute.

[2] Plaintiff in her Response agrees to withdraw Topic Nos. 24, 27, and 28.  [#25, at 3].

the Better Business Bureau and the Colorado Attorney General's Office.[3] Topic Nos. 43-45 concern the frequency, persistence, nature and extent of Defendant's purported noncompliance. Ms. Viall opposes Stellar's Motion for Protective Order, arguing that these Topics are relevant to her recovery of the statutory damages under the FDCPA and are necessary to allow her to prepare for trial.

*Employee Topics.*   Ms. Viall argues that she is entitled to testimony regarding the criminal history and personnel file of the Stellar employee in order to impeach the employee's testimony at trial, and that Magistrate Judge Mix allowed similar discovery in another case. [#25, at 3-4].   Ms. Viall fails to even attempt to draw any factual parallel between Judge Mix's order and the facts of this particular case, and it is unclear how the employee's credibility is even relevant to the remaining claim presented in this instant case.   Defendant no longer asserts the BFE defense.   The only outstanding question of fact is whether Ms. Viall communicated to Defendant's employee that she disputed the account, and Ms. Viall does not dispute that she has an audio tape of the telephone conversation in question.   [#25]. Accordingly, any topics seeking information other than the substance of the communications between Ms. Viall and the Stellar employee(s) with whom she spoke are of such marginal relevance, at best, to either Party's claim or defenses.   Indeed, any contradictory testimony provided by Stellar's employee can simply be impeached with the recording itself.

*Remaining Topics.*   Ms. Viall argues that the remaining Topics are all relevant to the amount of statutory damages she can recover.   Section 1692k provides that a debt collector found

---

[3]   Defendant represents that "Documents Bate Stamped SRI000001 through and including SRI00039," as referenced in Topic No. 20 relate to the BFE defense that was withdrawn.   [#22 at 4].   Plaintiff does not challenge this characterization of the documents.   [#25].

to be in violation of Debt Collection Practices may be held liable for damages not exceeding $1,000.00.  *See* 15 U.S.C. § 1692k(a)(2)(A).  In determining the amount of liability in any individual action under this subsection, the statute identifies as a factor "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  *Id.* at § 1692k(b)(1).

The Tenth Circuit has yet to opine as to whether the scope of the debt collector's "frequency and persistence of noncompliance" is limited with respect to its dealings with the individual Plaintiff or expansive of its general business practices.  In lieu of Tenth Circuit precedent, this court looks to the decisions of other districts, and is persuaded that the statutory language is directed at a defendant's frequency and persistence of non-compliance with the FDCPA with respect to the specific, individual plaintiff.  *See Dewey v. Associates Collectors, Inc.*, 927 F.Supp. 1172, 1175 (W.D. Wis. 1996) (finding that "frequency and persistence of noncompliance" relates only to repeated efforts to collect from an individual debtor).  *See also, Powell v. Computer Credit, Inc.*, 975 F. Supp. 1034, 1039 (S.D. Ohio 1997) ("the Court should consider the debt collector's noncompliance as to the individual plaintiff only, and not to others who may have been subject to the debt collector's noncompliance"); *Anderson v. Frederick J. Hann and Associates*, 361 F. Supp. 2d 1379, 1384 (N.D. Ga. 2005) (declining to consider FDCPA violations unrelated to the present action); *but see Yancey v. Hooten*, 180 F.R.D. 203, 208 (D. Conn. 1998) (granting plaintiff's motion to compel information about debt collector's conduct as to other debtors in FDCPA case because "[t]he defendant offers no support for his interpretation of 15 U.S.C. § 1692k as referring to the debt collector's conduct toward a specific debtor, not to all debtors."). Otherwise, an individual plaintiff could potentially benefit from

conduct that was never directed at her at all.  Therefore, the information sought by Ms. Viall with the remaining topics is simply not relevant, given the withdrawal of the BFE defense. Accordingly, the court grants Stellar's Motion for Protective Order.

**B.     Motion to Compel**

Plaintiff claims that Defendant failed to respond to her Interrogatory No. 4 and Request for Production No. 2 as required by Federal Rules of Civil Procedure 33, 34, and 37, and that such information is relevant to Plaintiff's statutory damages and necessary for her counsel to prepare for trial.  Defendant argues that the requested information is wholly irrelevant to the allegations pertaining to Plaintiff's claim.

Interrogatory No. 4 asks:

Identify what the Defendant communicated on the Comcast account(s) at issue in this case after May 30, 2013 through and including September 2014, by date(s) and time(s) reported, to Comcast including identifying the date(s) and time(s) that the information was communicated to Comcast, the system(s) that the Defendant uses to communicated information to Comcast, what information was communicated to Comcast on what date(s) and time(s) including whether or not the Defendant communicated to Comcast that the Account was disputed on what date(s) and time(s), how the information was communicated to Comcast including identifying any responsive document(s) and/or item(s) by bate stamped numbers.

Response to Interrogatory No. 4 states:

Defendant objects to Interrogatory No. 4 as it is unduly vague and overbroad. Defendant also objects to Interrogatory No. 4 as it seeks irrelevant information. Plaintiff's Complaint alleges Defendant did not properly report Plaintiff's account as disputed after May 30, 2013 to credit bureaus.  Subject to and without waving the foregoing objections, Defendant states the following:  Defendant did not communicate with Comcast regarding the Plaintiff's Comcast account(s) after May 30, 2013 through and including September 2014.

[#27-1].

Request for Production No. 2 seeks:

> All documents and/or any information communicated to Comcast by the Defendant from May 30, 2013 through and including September 2014, regarding the Comcast account(s) at issue in this case, identified by bates stamped number(s).

Response to Request for Production No. 2 states:

> Defendant objects to Request No. 2 on the grounds that it is unduly vague and overbroad.  Defendant also objects to Request No. 2 as irrelevant.  Plaintiff's Complaint alleges Defendant did not properly report Plaintiff's account as disputed after May 20, 2013 to credit bureaus.  Subject to and without waiving the foregoing objections, Defendants states as follows: None.

On December 22, 2014, Mr. Larson took the deposition of Bob Peterson, Stellar's Chief Compliance Officer, in his individual capacity.  Plaintiff contends that Mr. Peterson's deposition testimony is inconsistent with Defendant's responses to the above written requests.  Mr. Larson inquired, "And do you know what was communicated to Comcast on this case after May 30th, 2013?"  Mr. Peterson responded, "Probably the amount of the payment, the date of the payment, the account associated—account number associated with the account, anything else that they may require regarding the payment."  ["Deposition of Bob Peterson," #27-2 at 5, 25:13-18].  Mr. Peterson further testified that the information was "probably sent electronically," but that one could print a copy of that correspondence.  [*Id.* at 25:19-24].  Plaintiff takes issue with the fact that Mr. Peterson refused to produce information related to this testimony and Defendant's response to Interrogatory No. 4 and Request for Production No. 2 during the course of the deposition.

Defendant has already admitted that it did not report Ms. Viall's Comcast account as disputed to the credit reporting agencies. [#31, at 2]. The only remaining issue, then, is whether Plaintiff's communication to Stellar constituted disputing the account.   Indeed, Plaintiff conceded in her deposition that this case is limited to whether she disputed the debt with the

Stellar employee during the May 2013 telephone call.  ["Deposition of Virginia Viall," #31-1 at 4, 82:3-10].  Plaintiff likewise responded to Defendant's Request for Production of telephone records stating, "This case is based on what took place on one telephone call between the Plaintiff and the Defendant on May 30, 2013 regarding the Plaintiff's Comcast account and what information the Defendant reported to the credit bureaus after that date including failing to report to the credit bureaus that the account is disputed."  ["Plaintiff's Responses to Defendant's Requests for Production," #31-2].

Against this backdrop, any communication between Defendant and Comcast is not relevant to whether Plaintiff indicated to Defendant's employee that she disputed the account. Therefore, Plaintiff's Motion to Compel is denied.

**C.      Motion to Extend**

Plaintiff contends that Comcast failed to provide the information requested in the Comcast Subpoena, and asks the court to extend the discovery cutoff date to 45 days after the court rules on the Motion for Protective Order, "for the limited purpose of the Plaintiff taking the deposition(s) of the Defendant's Fed. R. Civ. P. 30(b)(6) Designee(s) and obtaining the information from Comcast and/or the Defendant [that is subject to the December 26, 2014 Subpoena]."  [#26 at ¶ 7].  Plaintiff also asks the court to extend the dispositive motion deadline to 75 days after the court rules on the Motion for Protective Order.  Defendant does not oppose the extension for the sole purpose of allowing a Rule 30(b)(6) deposition to proceed, but does oppose the extension to allow Plaintiff additional time to obtain documents responsive to the Comcast Subpoena.  Defendant argues that good cause does not exist to amend the Scheduling Order as to the Comcast Subpoena because the items requested therein concern documents

pertaining to Plaintiff's account, communications between Comcast and Stellar, and the contract placing the account with Stellar, which are irrelevant to the one claim here at issue.  [#33 at 3].

This court finds good cause exists to extend the discovery cutoff solely to allow Plaintiff to take the deposition of Defendant's corporate representative, with the restrictions as outlined above.  However, good cause is not shown for extending the discovery cutoff for any other reason, given the lack of relevance between any communication between Stellar and Comcast that could be yielded by the Comcast Subpoena.  Accordingly,

IT IS ORDERED:

1. Defendant's Motion for Protective Order [#22] is GRANTED, and Topic Nos. 19, 20, 25, 29, 31-33, and 43-45 shall be excluded from the Notice;

2. Plaintiff's Motion to Compel [#27] is DENIED;

3. Plaintiff's Motion to Extend [#26] is GRANTED IN PART, and the discovery cutoff is extended 21 days from the date of this Order for the sole purpose of taking the Rule 30(b)(6) deposition of Stellar's corporate representative, and the deadline for filing dispositive motions is extended 42 days from the date of this Order;

4. The Motions are DENIED as to all other matters, the Parties shall each bear its own fees and costs incurred in the filing of the Motions discussed herein; and

5. The motions hearing set for April 9, 2015 is VACATED.

DATED: March 27, 2015                    BY THE COURT:

                                         s/Nina Y. Wang_____
                                         United States Magistrate Judge